UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE JOHNSON,

       Petitioner,

v.                                                                        Case No. 2:05-cv-9
                                                                          HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

       Petitioner Theodore Johnson filed this petition for writ of habeas corpus challenging

the validity of his state court conviction.  Petitioner was convicted of first-degree criminal sexual

conduct by a jury, and was sentenced to 10 years, 6 months to 25 years incarceration.  The Michigan

Court of Appeals summarized the facts of the case as follows:

> Defendant was charged with CSC I as a result of allegations made by
> his former wife.  Complainant testified that defendant, to whom she
> was still married at the time, engaged her in a physical altercation and
> forced her to have sexual intercourse against her will.  She indicated
> the incident occurred after she told defendant she wanted a divorce.
> Complainant maintained that defendant had never before attacked her
> in that fashion.  The physician who treated complainant in the
> emergency room testified that he detected bruises on complainant's
> upper lip, left wrist, and left upper arm.  The physician acknowledged
> that the results of the rape kit test were negative, but noted that the
> absence of semen did not indicate with certainty whether a sexual
> assault occurred.
>
> Defendant testified that complainant did not resist his advances, and
> that the physical struggle alleged by complainant was actually a form
> of physical play.  On cross-examination, the prosecutor inquired if
> complainant had a habit of accusing him of things.  Defendant
> responded in the affirmative.  When the prosecutor inquired again if
> complainant had previously accused him of forcing her to have sexual
> intercourse against her will, defendant responded in the negative.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

The petition raises the following issues:

I.      The trial court violated appellant's due process rights by denying a mistrial where the prosecutor asked leading questions designed to mislead the jury into believing the complainant had previously accused the appellant of criminal sexual conduct.

II.     The trial court violated appellant's due process rights by refusing to dismiss the charge with prejudice after the prosecutor goaded  defense trial counsel into moving for a mistrial.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

> In addressing the Petitioner's appeal, the Michigan Court of Appeals found:
>
> Defendant argues that he was entitled to a mistrial and to an outright dismissal of the case with prejudice.  We disagree and affirm defendant's conviction.  The prosecution acknowledges that the question that resulted in the motion for a mistrial and dismissal was asked in a sarcastic manner.  The trial court noted that the prosecutor had a style of questioning that "kind of backs into his goal." Nevertheless, it is clear from the context in which the question was asked that the prosecutor expected defendant to reply in the negative when he was asked if complainant had made similar accusations in the past.  Complainant testified that defendant had never before acted in such a manner.  It seems apparent that the prosecutor was attempting to elicit certain testimony from defendant, i.e., that complainant had not made similar accusations in the past, that supported complainant's assertion.  Defendant corrected his answer and indicated that complainant had not made similar accusations in the past. Read in context, the prosecutor's question was not improper. *Noble, supra; Schutte, supra*. The jury was entitled to accept complainant's testimony as credible, and to reject defendant's assertion that he did not force complainant to have sexual intercourse against her will.  *People v. Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).  In light of the strength of the other evidence against defendant, and in light of the fact that defendant refused to consider the possibility of the trial court giving the jury a cautionary instruction, *People v. Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988), we conclude that the trial court did not abuse its discretion by denying defendant's motion for a mistrial. *Alter, supra*.
>
> Furthermore, defendant's assertion that he was entitled to a dismissal with prejudice because the prosecutor goaded him into moving for a mistrial is without merit.  The issue of whether a defendant was compelled by prosecutorial conduct to move for a mistrial is relevant only if the trial court actually declares a mistrial.  A mistrial granted on the defendant's own motion or with his consent, unless prompted

by prosecutorial conduct intended to provoke the mistrial request, waives double jeopardy protections. See *People v Dawson*, 431 Mich 234, 253; 427 NW2d 886 (1988). The trial court denied defendant's motion for a mistrial; therefore, it was not required to determine whether dismissal of the case was appropriate.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, where a petitioner raises the issue of prosecutorial misconduct, the court must determine whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

The prosecutor questioned petitioner regarding his wife accusing him of things in the past. As the Michigan Court of Appeals explained, the prosecutor used a sarcastic style of questioning throughout the trial. The prosecutor was trying to elicit that petitioner's wife never made accusations about him in the past. The questioning and testimony occurred as follows:

Q. Final questions. Your wife has a habit of accusing you of things, doesn't she?

A. Yes.

Q. In fact, this is not the only time that she has ever accused you of this, is it?

A. Accused me of what?

- 5 -

Q.  Having sex with her without her permission.

A. No, sir.

Q.  She has done this lots of times, hasn't she?

A.  No sir. No sir.  No sir.  No sir.  I get what you saying, no sir.

Transcript at 384, docket #14.  The Michigan Court of Appeals correctly determined that this line

of questioning was not prosecutorial misconduct and that a mistrial was not warranted.  Similarly,

petitioner was not goaded into moving for a mistrial.  Petitioner cannot show that his constitutional

rights were violated during his trial.  The Michigan Court of Appeals' decision did not result in a

decision that was contrary to, or involved an unreasonable application of, clearly established federal

law as determined by the Supreme Court of the United States; or result in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and

therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a

certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  The Michigan Court of Appeals is correct in its conclusion that the trial court's denial of the Petitioner's motion for mistrial was not an abuse of its discretion.  Further, the Petitioner's assertion that he was entitled to a dismissal with prejudice because the prosecutor goaded him into moving for a mistrial is without merit.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 24, 2007